UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                    - against -

VICTOR MARTINEZ,

                    Defendant.
-----------------------------------------------------------X

06 CR. 591 (RPP)

**OPINION AND ORDER**

**Robert P. Patterson, Jr., U.S.D.J.**

By letter motion dated October 11, 2006,[1] Defendant Victor Martinez moves pursuant to Rule 29(c)(1) of the Federal Rules of Criminal Procedure to set aside the guilty verdict of the jury on September 11, 2007, and enter a judgment of acquittal or, in the alternative, to order a new trial as against the weight of the evidence pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure. That motion is denied. There was more than adequate evidence before the jury to convict the defendant of the conspiracy to distribute narcotics charged in the indictment.

Defendant also suggests that the Court may have interfered with the jury's determination of the facts by its comments during defense summation. The Court repeatedly reminded the jury that it was the trier of fact and that its recollection of the evidence governed. Defendant's right to a trial by jury was in no way compromised by any interjection of the Court.

Defendant also argues that statements of co-conspirators were admitted into evidence improperly. All such statements were made clearly in furtherance of the

---

[1] The date of Defendant's letter is most likely a typographical error because the letter was received by the Court on September 19, 2007, after the conclusion of the trial.

conspiracy and during the course of the conspiracy, and their admission was therefore permitted under Federal Rule of Evidence 801(d)(2)(E).

Defendant finally reiterates his objection to the Court's limitations of the scope of defense counsel's cross-examination of cooperating witnesses. Prior to trial, the Court ruled that the defense was allowed to cross examine witnesses about crimes punishable by imprisonment in excess of a year, but was prohibited from cross examining the witnesses as to prior arrests and specific instances of conduct that were not probative of the witnesses' character for truthfulness. In accordance with Federal Rules of Evidence 608(b) and 609(b), the Court allowed the defense's cross-examination of witnesses' patterns of behavior that are probative of dishonesty, i.e., crimes of dishonesty, credit card fraud, and violations of parole that were close in proximity to the time the witness made a promise under oath to abide by the conditions of parole. The Court denies the Defendant's motion for a new trial based on these rulings.

Defendant's motions are denied.

IT IS SO ORDERED.

Dated: New York, New York
September 28, 2007

_____
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order sent to:**

Michael J. Garcia, U.S. Attorney
Southern District of New York

ATTN: John T. Zach, A.U.S.A./Christopher L. LaVigne, A.U.S.A.
One St. Andrew's Plaza
New York, NY 10007
Tel:   212-637-2410/2325
Fax:   212-637-2527

*Counsel for Victor Martinez*

Samuel Braverman, Esq.
Law Office of Sam Braverman
901 Sheridan Avenue
Bronx, NY 10451
Tel:   718-293-1977
Fax:   718-293-5395