UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

UNITED STATES OF AMERICA

     -against-

VICTOR MARTINEZ,

           Defendant.

No. 06 Cr. 591 (LAP)

ORDER

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Victor Martinez's motion for compassionate release pursuant to 18 U.S.C. section 3583(c).  (Dkt. no. 351.)  For the reasons set out below, the motion is granted.

**Background**

    Mr. Martinez was convicted in 2007 of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. sections 812, 841(a), and 846.  He was originally sentenced to 262 months' imprisonment, later reduced, pursuant to Amendment 782, U.S.S.G. section 2D1.1, to 210 months.  He is currently scheduled for release to a Residential Reentry Center ("RRC") on October 16, 2020.  (Dkt. no. 358 at 3.)

    Mr. Martinez filed a request for compassionate relief based on the terminal cancer diagnosis of his sister, Idalia Martinez Chowhury, and the high risk of COVID-19 on her situation.  Upon the Warden's denial of that request, Mr. Martinez filed his request with this Court.  The Government opposed his request on

the ground that his sister's illness did not fall within the guidelines of Section 1B1.13 of the Guidelines relating to the death or incapacitation of the caregiver of defendant's minor children or the incapacitation of the defendant's spouse when the defendant is the only available caregiver.  (Dkt. no. 353.)  Mr. Martinez replied.  (Dkt. no. 358.)

**Applicable Law**

A court "may not modify a term of imprisonment once it has been imposed except that":

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A).

The "applicable policy statements" referenced in the statute are found at Section 1B1.13 of the United States

Sentencing Guidelines. Because the statute requires that a ruling concerning compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), Section 1B1.13 is binding on the Court. See Dillon v. United States, 560 U.S. 817, 826-27 (2010) (where Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court).

Section 1B1.13 provides that a reduction of sentence is permitted if: (1) "extraordinary and compelling reasons warrant the reduction; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  As relevant here, section 1B1.13 provides for the possibility of a sentence reduction, assuming all other requirements are met, based on "family circumstances" in light of "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or

registered partner." Application Note 1(C) to U.S.S.G. § 1B1.13.

### Discussion

The Government is correct, of course, that Mr. Martinez's situation is not within the strict confines of section 1B1.13 of the Guidelines in that it does not involve the death or incapacitation of the caregiver of the defendant's minor children or the incapacitation of the defendant's spouse where the defendant would be the only available caregiver.  Construing the motion as one for compassionate release, however, the combination of circumstances presented by Mr. Martinez's situation presents extraordinary and compelling circumstances warranting his release.

As Mr. Martinez explained, his sister has been fighting cancer for some ten years but currently needs assistance with the most basic tasks, such as eating and bathing.  (Dkt. no. 354 at 1.)  As Ms. Chowhury explains, her need for Mr. Martinez goes beyond the physical; "I need Victor for emotional support as I fight for my life."  (Id. at 3.)  Although Ms. Chowhury's daughter had been her household provider, because of the complications of COVID-19, she is no longer able to do so, and there is no other family member willing and able to do so.  (Dkt. no. 358 at 7.)

Mr. Martinez has prepared himself well to be a productive member of society.  He has completed a mental health companion program, a victim impact program, pre-GED courses, and, most importantly, the RDAP drug program.  His RDAP Program Coordinator, D. Curry, writes that Mr. Martinez has "earned the confidence of staff and peers," and has "progressed well in treatment and demonstrated that he was invested in change and was committed to the treatment process."  (Dkt. no. 354 at 8-9.) Coordinator Curry continues: "Now, as a senior member of the RDAP community, Mr. Martinez remains invested in both his and his peers' treatment, and has been observed encouraging peers to engage prosocially in the community.  Mr. Martinez consistently presents with a positive attitude, and has been an influential and active member within the community throughout the duration of his time housed in the RDAP unit."  (Id. at 8-9). Accordingly, the Court finds that Mr. Martinez is not a danger to his community.

COVID-19 has already pushed Mr. Martinez's release date to a RRC to October 27, and that is dependent on the availability of a bed.  (See dkt. no. 354 at 11-14; dkt. no. 358 at 3.) Given the uncertainties caused by the pandemic, Mr. Martinez might not be released in time to help Ms. Chowhury.

Because Mr. Martinez is the only family member willing to care for his sister during what unfortunately seems to be the end of her battle with cancer and the uncertainties caused by the COVID-19 pandemic, the Court finds that Mr. Martinez has demonstrated extraordinary and compelling circumstances warranting release.

### Conclusion

For the reasons set out above, Mr. Martinez's motion for compassionate release (dkt. no. 354) is granted, and his sentence is reduced to time served plus two days.

SO ORDERED.

Dated:  September 13, 2020
        New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.