UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
UNITED STATES OF AMERICA,          :
                                   :    06-CR-591 (LAP)
          -v.-                     :
                                   :         ORDER
VICTOR MARTINEZ,                   :
                                   :
               Defendant.          :
-----------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of a pro se letter from Defendant
Victor Martinez in the above captioned case requesting this Court
grant him early termination of supervised release (see dkt. no.
362) and the Government's letter response (see dkt. no. 365.)  For
the reasons set forth below, Defendant's motion is DENIED.

I.  **Background**

    Following a trial by jury, on September 11, 2007, Defendant
was convicted on Count One of conspiracy to distribute and possess
with intent to distribute heroin, in violation of 21 U.S.C. §§
812, 841(a)(1), 841(b)(1)(A), and 846.  (See dkt. no. 214 at
869.)  The jury also found that the conspiracy in which Defendant
participated involved one kilogram and more of heroin.  (See id.
at 870-71.)  At trial, the Government submitted that Defendant was
the "boss of a sprawling narcotics distribution network," standing
at the head of a "pyramid-type structure" involving more than
fifteen individuals.  (See dkt. no. 303 at 1-2.)

On March 5, 2008, the Defendant was sentenced to a term of imprisonment of 262 months, to be followed by a term of supervised release of five years. (See dkt. no. 264 at 2.) This sentencing was based on a Guidelines range of 262 to 327 months imprisonment, which was subject to a four-point leadership enhancement pursuant to U.S.S.G. § 3B1.1, based upon the Defendant's leadership role in the criminal enterprise. (See dkt. no. 271.)

In March 2009, the Court of Appeals affirmed the Defendant's conviction. See United States v. Martinez, No. 08-1193-cr, 313 F. App'x 402, 2009 WL 535970 (2d Cir. Mar. 3, 2009).

In September 2020, the Court granted the Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), reducing his sentence to time served plus two days and commencing his five-year period of supervised release. (See dkt. no. 359.)

On March 19, 2025, the Defendant moved for early termination of his supervised release, which is set to expire within the year, based on his employment and community service. (See dkt. no. 362.)

On April 3, 2025, the Government submitted a letter representing that the Probation Office does not support early termination of supervised release given the Defendant's leadership role in the underlying offense and advising that the Government defers to this assessment, holding early termination of supervised release would not be appropriate at this time. (See dkt. no. 365 at 1, 3.)

## II.  **Applicable Law**

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release. . . at any time after the expiration of one year of supervised release" after considering the factors set forth in 18 U.S.C. § 3553(a) "which bear on deterrence, public safety, rehabilitation, proportionality, and consistency." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997).

Early termination of supervised release "is not warranted as a matter of course." United States v. Wheeler, No. 20-CR-492, 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) (quoting United States v. Fenza, No. 03-CR-921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)). Rather, early termination is occasionally justified due to changed circumstances or exceptionally good behavior by the defendant which "render[s] a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36. Exceptionally good behavior is more than mere compliance with the terms of supervised release. See United States v. Aponte, No. 15-CR-19, dkt. no. 173 at 6 (S.D.N.Y. Mar. 6, 2025); Wheeler, No. 20-CR-492, 2023 WL 4561591 at *1.

## III. **Discussion**

The Court commends the Defendant for his steady employment and full compliance with the terms of his supervised release. However, Defendant has provided no evidence that continued

supervision is too harsh or inappropriately tailored such that supervision undermines the goals of section 3553(a).

In <u>Aponte</u>, the Court declined to grant early termination where the defendant had stable employment and housing, familial support, and even the assent of the Probation Office.  No. 15-CR-19, dkt. no. 173 at 6.  This was based on the egregiousness of the underlying crime (narcotics distribution) and the leadership role the defendant played in it.  <u>See</u> <u>id.</u>  Defendant's underlying offense and supervised release circumstances mirror those in <u>Aponte</u>, lending further support to continued supervision.

## IV.  <u>Conclusion</u>

For the foregoing reasons, the Defendant's request for early termination of supervised release (dkt. no. 362) is DENIED.

**SO ORDERED.**

Dated:    June 23, 2025
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge